IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYNEN GUIDER, :
    Plaintiff :
     :
    vs.      CIVIL NO. 1:CV-09-1915
     :
DEAN MAUER, :
K. MERROW,
J. ROMEO, :
JOHN DOE,
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

    The pro se plaintiff, Keynen Guider, filed a 42 U.S.C. § 1983 complaint alleging Eighth Amendment violations arising from a slip-and-fall occurring while he was incarcerated at the Quehanna Boot Camp operated by the Pennsylvania Department of Corrections ("DOC"). He alleges that nonmedical DOC personnel failed to warn him of slippery conditions in a walk-in refrigerator at the facility, resulting in his fall. He also avers that DOC medical personnel then improperly treated his injury. He names the following as defendants: Mr. Mauer, the kitchen supervisor; K. Merrow, M.D., supervising physician at Quehanna; J. Romeo, M.D., a doctor working at Quehanna but employed by an outside medical service; and a John Doe, an alleged kitchen staff worker responsible for supervision of inmates working in the kitchen.

    Plaintiff is proceeding in forma pauperis, so under 28 U.S.C. § 1915(e)(2)(B), we examine the complaint for legal sufficiency before allowing the case

to proceed. As we will discuss below, we will dismiss this action as frivolous based on claim preclusion, otherwise known as res judicata, and for failure to state a claim.[1]

## II. Background

According to the complaint, while Plaintiff was working in the prison kitchen on November 27, 2006, Ms. Gaines, a member of the kitchen staff who is a non-party, told him to put some food in a walk-in refrigerator. While walking to the refrigerator, the Plaintiff "slipped on the wet floor." (Compl., p. 5). There were no signs or other warnings about a wet floor. As a result of his fall the Plaintiff injured his back.

The Plaintiff, on January 19, 2007, filed a lawsuit pursuant to 28 U.S.C. § 1983 alleging Eighth Amendment violations against a number of DOC and non-DOC personnel, including J. Romeo, M.D. and Mr. Mauer. *See* Docket Number CV-07-0103. On July 5, 2007, we dismissed the corrections defendants and the Department of Corrections from the action. *Guider v. Department of Corrections*, No. CV-07-0103, 2007 WL 20080000 (M.D. Pa. July 5, 2007). Additionally, on August 21, 2007, we dismissed J. Romeo from the action and closed the case. (Docket Number CV-07-

---

[1] Under 28 U.S.C. § 1915(e)(2)(B), the court upon its own review may dismiss a complaint filed in forma pauperis. It may do so if the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* In applying this statutory screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, __ U.S. at __, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at __, 127 S.Ct. at 1964-65. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).

0103, doc. 42). On October 5, 2009, the Plaintiff filed the instant action based on the same set of facts as his 2007 Complaint.

*III.    Discussion*

   *A.    Res Judicata*

It appears that Guider has raised substantially the same claims against these Defendants as he raised in his 2007 Complaint. We have the authority to apply the doctrine of claim preclusion or res judicata *sua sponte*. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Ezekoye v. Ocwen Federal Bank FSB*, 179 F.App'x 111, 114 (3d Cir. 2006)(non precedential). We can only invoke res judicata "if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash*, 308 F.3d at 760.

The doctrine of res judicata "gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990). It precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411 (1980). Thus, res judicata requires "a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009)(citation omitted).

The Plaintiff is barred by res judicata from relitigating his claims against Defendants Romeo and Mauer. First, we dismissed with prejudice his prior complaint pursuant to two motions to dismiss. This dismissal represents a final judgment on the merits. Second, the Plaintiff is asserting the same claims against Romeo and Mauer as he did in his prior action, or, at most, he is asserting new claims that could have

been presented in his prior action. Finally, Romeo and Mauer were parties to the previous litigation. Thus, res judicata applies and we will dismiss the complaint as to Romeo and Mauer.

### B. Failure to State a Claim

The allegations against the John Doe defendant is that he failed to warn the Plaintiff that he was approaching a wet floor, and that this failure to warn violated the Plaintiff's Eighth Amendment rights. These allegations amount merely to negligence, which are insufficient for a civil-rights claim. *See Bacon v. Carroll*, 2007WL 1244353, at *1 (3d Cir. 2007)(per curiam)(nonprecedential)(allegation that prison officials failed to warn the plaintiff-prisoner about a wet floor amount only to claim of negligence which is insufficient for a civil-rights claim). Therefore, we will dismiss the claim against the John Doe defendant.[2]

To state an Eighth Amendment claim for the denial of medical treatment in prison, the plaintiff must allege that (1) he had a serious medical need, and (2) the defendant was deliberately indifferent to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107, 97 S.Ct. at 293.

The allegations against Dr. Merrow fail to raise an Eighth Amendment claim. The allegations are that she was negligent in treating the Plaintiff, refused to

---

[2] The allegations against Defendant Mauer also do not amount to a civil-rights violation.

4

take X-Rays or MRIs of his back, and informed him that he must continue to take his pain medication. These allegations indicate that Dr. Merrow was attentive to the Plaintiff's needs. The fact that she would not order X-rays or other procedures does not establish cruel and unusual punishment. At best, Dr. Merrow is charged with negligence, which does not constitute an Eighth Amendment violation.

    We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: November 19, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYNEN GUIDER, :
    Plaintiff :
     :
    vs. : CIVIL NO. 1:CV-09-1915
     :
DEAN MAUER, :
K. MERROW,
J. ROMEO, :
JOHN DOE,
    Defendants :

*O R D E R*

AND NOW, this 29th day of November, 2009, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

    1. Plaintiff's request to proceed in forma pauperis is denied.

    2. The claims against all defendants are dismissed as frivolous or for failure to state a claim.

    3. The Clerk of Court shall close this file.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge